**CACI FIELD SERVICES, INC.,**
**Plaintiff–Appellant,**

v.

**The UNITED STATES,**
**Defendant–Appellee.**

No. 88–1187.

United States Court of Appeals,
Federal Circuit.

Aug. 11, 1988.

Peter M. Kilcullen, Kilcullen, Wilson and Kilcullen, Chartered, Washington, D.C., argued for plaintiff-appellant. With him on the brief were Charles P. Revoile, Gen. Counsel, CACI, Inc. and Daniel J. Donohue, Kilcullen, Wilson and Kilcullen.

Elizabeth S. Woodruff, Commercial Litigation Branch, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With her on the brief were John R. Bolton, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Asst. Director.

Before MARKEY, Chief Judge, NICHOLS, Senior Circuit Judge, and SMITH, Circuit Judge.

PER CURIAM.

## DECISION

Appeal from a judgment of the United States Claims Court, 13 Cl.Ct. 718 (1987), denying CACI Field Service Inc.'s (CACI's) request for injunction, declaratory judgment, and bid preparation costs, and dismissing its pre-award bid protest complaint, 28 U.S.C. § 1491(a)(3) (1982). We affirm.

## BACKGROUND

The underlying events of this litigation and the issues at trial are set out in the Claims Court's extensive opinion, and are not repeated here.

On appeal, CACI argues that the Claims Court erred in concluding "that the discussions [between the Contracting Officer and CACI] were 'minimally adequate'" to "[a]dvise [CACI] of deficiencies in its proposal so that [CACI] is given an opportunity to satisfy the Government's requirements." 48 C.F.R. § 15.610(c)(2) (1987). In CACI's view, that error was caused by what CACI says is a clearly erroneous fact finding, i.e., that the possibility of "technical leveling" or "technical transfusion" during the discussions justified the contracting officer's (CO's) vagueness. CACI also argues that the "Claims Court was clearly erroneous in finding that the CO applied the evaluation factors set forth in the RFP [Request for Proposals] in rejecting CACI's technical proposal," and was erroneous in concluding that Section M of the RFP "clearly stated the evaluation subfactors and their relative weights," as required by the procurement statutes and regulations.

## ISSUE

Whether CACI was prejudiced by the alleged violation of procurement regulations.

## OPINION

"Affirmance does not require that we and the trial court reach the conclusion in precisely the same fashion. If, on the essential facts, arrived at through proper application of the relevant law, we agree with the trial court's conclusion, any error concerning nonessential facts ascribed to the trial court in reaching that conclusion is harmless and not a basis for reversal." *Gardner v. TEC Sys., Inc.,* 725 F.2d 1338, 1345, 220 USPQ 777, 782 (Fed.Cir.) (en banc), *cert. denied,* 469 U.S. 830, 105 S.Ct. 116, 83 L.Ed.2d 60 (1984); *see Lemelson v. United States,* 752 F.2d 1538, 1549, 224

USPQ 526, 532 (Fed.Cir.1985); 28 U.S.C. § 2111 (1982).

As recognized by both parties, CACI was required to prove at trial a "clear and prejudicial" violation of a procurement statute or regulation. *Kinetic Structures Corp. v. United States*, 6 Cl.Ct. 387, 394 (1984); *DeMat Air, Inc. v. United States*, 2 Cl.Ct. 197, 202 (1983); *see also Keco Indus., Inc. v. United States*, 492 F.2d 1200, 1203 (Ct. Cl.1974) ("if one thing is plain in this area it is that not every irregularity, no matter how small or immaterial, gives rise to the right to be compensated for the expense of undertaking the bidding process").

CACI's trouble is that it challenges merely the conclusion and findings of the Claims Court that the CO did not violate the applicable regulations. CACI does not contest findings clearly relating to the prejudice requirement. It is those findings that doom CACI's appeal.

### A. Meaningful Discussions

Though CACI argues that two "clearly erroneous" findings by the Claims Court led it to erroneously conclude that the CO conducted "meaningful discussions" with it, CACI fails to challenge the specific findings of the court that: (1) "[i]t is apparent ... that CACI provided as complete a response to the Government's requests for information as was possible." 13 Cl.Ct. at 734; and (2) "CACI has not presented evidence as to what additional details could have been provided. Even assuming that such details did exist, CACI has not given an adequate explanation for withholding such information." *Id.* Because those findings negate the required showing of prejudice, the CO's decision may not be reversed.

### B. Evaluation Subfactors

The Court found that the three bases on which CACI's proposal was declared unacceptable—lack of corporate experience, failure to demonstrate understanding of the scope and requirements of performance work statements, and lack of relevant experience by proposed key personnel—were all stated as evaluation factors or subfactors in the RFP.

#### 1. Fact

CACI challenges the Claims Court's finding that the CO "utilized the RFP evaluation factors and their relative importance in her decision to declare CACI's proposal technically unacceptable." Once again, however, CACI chooses not to dispute the court's clear finding on lack of prejudice: "CACI ... failed to demonstrate that it was prejudiced by any of the differences in relative importance between the RFP evaluation factors and the SSP [Source Selection Plan] evaluation factors." 13 Cl.Ct. at 729. That finding is supported by record evidence and makes unnecessary a response to CACI's arguments regarding other findings.[*]

CACI appears to assume that a showing of differences in evaluation factors and weights *ipso facto* establishes prejudice. As stated by the Claims Court, 13 Cl.Ct. at 728, prejudice is a separate element which must be proven.

#### 2. Law

CACI's argument that the evaluation subfactors and weights were not clearly stated is refuted by the record. Walden (the CACI principal who prepared CACI's proposal) testified that he thought paragraph M.3 of the RFP was "additional details on the government's things they intended to look at and evaluate" and that he thought that the second sentence of M.3 meant that "if we didn't give [each element of M.3] a complete coverage ..., regardless of whether they were ... in the ranked evaluation factors, that we were in danger of being graded unsatisfactory in that particular function."

---

[*] Construing some of CACI's arguments as attacks on the Claims Court's finding of no prejudice would avail CACI nothing, for those arguments fail to evoke in us a "definite and firm conviction that a mistake has been committed" in arriving at that finding. *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948); *see Anderson v. City of Bessemer City, N.C.*, 470 U.S. 564, 573–76, 105 S.Ct. 1504, 1511–13, 84 L.Ed.2d 518 (1984).

We agree with the Government's argument that Walden's testimony establishes, as a matter of law, that CACI was not prejudiced by the manner in which the evaluation subfactors and weights were stated.

### C. CACI's Response

CACI's only response to the Government's lack of prejudice argument is that it "has a faulty premise, in that it assumes incorrectly that CACI would have submitted a proposal had it known that corporate experience or key personnel would carry significant weight in the evaluation of its proposal." That response is defeated by the recognition in Walden's testimony that CACI's proposal would be in danger if it did not cover all the subfactors and by the warning in the RFP on failure to provide a satisfactory offer in any one element, which, as the Claims Court found, effectively assigned equal weight to each.

### CONCLUSION

The judgment of the Claims Court dismissing CACI's complaint is affirmed.

AFFIRMED.