878 F.2d 1445
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
PLANNING RESEARCH CORPORATION, Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee,
Dyncorp, Defendant.
 No. 89-1119.
 United States Court of Appeals, Federal Circuit.
 May 19, 1989.
 
 Before MARKEY, Chief Judge, RICH, Circuit Judge, and NICHOLS, Senior Circuit Judge.
 NICHOLS, Senior Circuit Judge.
 
 DECISION
 
 1
 Planning Research Corp. (PRC) appeals from the judgment of the United States Claims Court, Planning Research Corp. v. United States, No. 335-88C (Cl.Ct. Aug. 15, 1988), denying its complaint for injunctive relief and granting intervenor DynCorp's cross-complaint for injunctive relief. We affirm.
 
 OPINION
 
 2
 In this disappointed bidder's suit, PRC asserts four points of error in the judgment of the Claims Court. First, PRC argues that the Claims Court erred in deeming the insertion of the B-100 clause after receipt of the parties' Best and Final Offers to be not in violation of Federal Acquisition Regulation (FAR) 48 C.F.R. Sec. 15.611. The Claims Court found that "the absence of this clause in the Request for Proposals (RFP) was not shown in any convincing manner to have affected PRC's bid" and that PRC did not "bid this contract on the basis that it was other than a level of services contract." Trial Court Opinion at 1185-86 (App. 9-10). Thus, the Claims Court found that PRC placed no reliance on the presence or absence of the B-100 clause. PRC has failed to identify such evidence as would convince us that this finding is clearly erroneous. In view of this finding, even if the inclusion of the B-100 clause was in violation of the applicable regulations, PRC has not shown any prejudice. Absent a showing of prejudice, PRC cannot prevail. CACI Field Services, Inc. v. United States, 854 F.2d 464, 466 (Fed.Cir.1988).
 
 
 3
 PRC further argues that the contracting officer's (CO) evaluation was contrary to FAR 15.608 in that it did not adhere to the priorities assigned to the technical and cost evaluation factors in the RFP. Defendant Dyncorp points out at page 25 of its brief that PRC does not challenge the determination that the Dyncorp and PRC proposals were essentially technically equal. Rather, PRC attacks the manner in which the CO reached the conclusion of technical equality. Without separately arguing that the proposals were not technically equal, PRC's argument fails to identify any prejudice resulting from the decision which is the subject of this appeal. Whether cost was the first-ranked or second-ranked evaluation criterion, cost would be the controlling criterion in any event because of the proposals' equal technical merit. The alleged shifting of the cost factor from second to first place in the list of evaluation criteria, if it did occur, created a situation no different from one where cost remained the second-ranked factor in a comparison of proposals having equal technical merit with technical merit being the first-ranked criterion. Moreover, the Claims Court properly found that bidders were warned that cost may control in the award decision and would take on increasing importance as the competing proposals' technical differences decreased. Trial Court Opinion at 1193 (App. 17). Thus, if the CO violated FAR 15.608 by failing to adhere to the ranking of evaluation criteria specified in the RFP, the violation did not prejudice PRC and the CO's decision must therefore be upheld. See CACI Field Services, supra. Moreover, we affirm the holding that the CO did not violate FAR 15.608 in the evaluation of these criteria for the reasons specified in the well-reasoned opinion of the Claims Court.
 
 
 4
 The other points of error asserted but not discussed herein have been considered but are believed to be without merit and are adequately discussed in the Claims Court opinion. We remind the parties that the civil courts were not created to manage the armed forces and, as a general proposition, the award of negotiated contracts must be in the hands of the services themselves. One who would set aside an award of such a contract must show a clear-cut breach of law. The instant appeal would obtain the support of no judge except one who supposed him or herself better able to manage the procurement dollar than the services are.