**CAROTHERS CONSTRUCTION INC., Plaintiff,**

v.

**The UNITED STATES, Defendant,**

**Barron Construction Company, Intervenor.**

**No. 564–89C.**

United States Claims Court.

Nov. 29, 1989.

Christopher Solop, Jackson, Miss., attorney of record for plaintiff. Samuel C. Kelly and Ott & Purdy, Ltd., of counsel.

Sheryl L. Floyd, Washington, D.C., with whom was Asst. Atty. Gen. Stuart M. Ger-

son, for defendant. David M. Cohen, Director, Thomas W. Petersen, Asst. Director, and Vicki O'Keefe, Dept. of Navy, of counsel.

Robert O. Fleming, Jr., Atlanta, Ga., attorney for intervenor. Smith & Fleming, of counsel.

## OPINION

FUTEY, Judge.

This pre-award contract action is before the court on defendant's motion for summary judgment and plaintiff's cross-motion for injunctive and declaratory relief. This action originally came before the court on plaintiff's motion filed on October 18, 1989, requesting that the Department of the Navy be enjoined from awarding a contract to Barron Construction Company to construct an Aviation Support Equipment Training Facility at the Naval Air Station in Millington, Tennessee. Before the contracting officer decided whether Barron's bid was responsive, plaintiff filed a protest with the General Accounting Office which alleged that Barron's bid was untimely submitted and therefore non-responsive. The General Accounting Office issued a recommendation which concluded that the bid was responsive and the Navy announced that it will adopt the General Accounting Office's recommendation. Plaintiff asserts, *inter alia*, that Barron's bid was not timely submitted and a determination to the contrary violates Federal procurement practices and the government's obligation to consider Carothers Construction Inc.'s bid fairly and honestly. For the reasons stated hereinafter, defendant's motion for summary judgment, which requests denial of plaintiff's claim for a permanent injunction of the award of the subject contract to Barron, is granted and plaintiff's cross-motion for injunctive and declaratory relief is denied and its complaint is dismissed.

### Factual Background

On February 27, 1989, the Southern Division of the Naval Facilities Engineering Command (Navy) issued a solicitation, No. N62467–84–B–0153 (solicitation) for sub-

mission of sealed bids on the construction of an Aviation Support Equipment Training Facility at the Naval Air Station Memphis in Millington, Tennessee. Subsequently, several amendments to the solicitation changed the date and place of the bid opening, which was finally set for 2:00 p.m. on June 1, 1989, in Building S–236, room 116, Naval Air Station, Memphis, Tennessee.

The events at issue occurred in room 116 and principally involve three individuals: Dolores Quinton (Quinton), the bid opening officer for the solicitation, Luke Thoele (Thoele), a contracts specialist, and Allen Townsend (Townsend), a representative of Barron Construction Company (Barron), a contractor which bid on the solicitation. Sometime before 2:00 p.m. on June 1, 1989, Townsend submitted a bid on behalf of Barron (Barron's bid) then several minutes later he retrieved it from Quinton and left the room. Later, he resubmitted Barron's bid with a notation on the outside of the envelope which stated, "DEDUCT $40*ooo* AL TOWNSEND 1:54 P.M." Quinton took Barron's bid to her immediate supervisor, Richard Johnson, who told her that the attempted modification was ineffective. After being told of this, Townsend again retrieved Barron's bid and immediately left the room. At approximately three minutes before 2:00 p.m., Townsend contacted O.P. Barron, president of Barron, and asked for instruction. O.P. Barron told Townsend to open Barron's bid envelope and deduct $40,000.00. With approximately two minutes to go before bid opening, Townsend removed documents from Barron's bid envelope and wrote on them. At five seconds before 2:00 p.m., Quinton instructed Townsend to "hand me something." Townsend handed Quinton a set of documents with a copy of Barron's bid on top. At 2:00 p.m., Quinton began announcing that the time for receipt of bids had passed. What hap-

pened next is contested by the parties. Defendant contends that simultaneously with Quinton's announcement, Townsend threw the rest of the Barron bid documents on the table in front of Quinton. After Quinton finished, Thoele took the documents from Quinton and collected the rest of Barron's bid documents from the table. In contrast, plaintiff avers that up to fifteen seconds after the commencement of Quinton's announcement, Townsend continued to place the remainder of Barron's bid documents in the possession of the government and did not relinquish control of all Barron's bid documents before the 2:00 p.m. bid deadline. The parties agree that nine bids were received and Barron's was found to have submitted the lowest bid, with a bid price of $9,680,000.00 while the second lowest bidder, Carothers Construction Inc. (Carothers) submitted a bid price of $9,822,045.00.

Plaintiff filed a pre-award protest by letter with the Navy contracting officer (CO) on June 5, 1989, alleging that Barron's bid was non-responsive because "(1) it was late; (2) it was incomplete; (3) it was not sealed; (4) the bid bond was not submitted with the bid form; (5) Barron did not "submit" its bid but rather had bid documents taken by the Navy's representative; and (6) there is no evidence that Barron's representative had authority to make alterations on the bid documents." After contacting the CO on June 19, 1989, and learning that a decision had not yet been rendered,[1] plaintiff filed on that same day a protest by letter with the General Accounting Office (GAO)[2] which realleged the contentions in the CO protest.

The Navy agency issued a report on July 26, 1989, which addressed plaintiff's arguments, as expressed in its letters to the CO and the GAO, and denied its protest.[3] In

---

**1.** There is no indication in the pleadings that there was a decision by the Contracting Officer (CO); however the parties stated during oral argument that there was a decision which, in essence, ratified Quinton's acceptance of Barron's bid.

**2.** The GAO has authority to review contract procurement protests pursuant to 31 U.S.C.

§§ 3551–3556 (Supp. IV 1986), of the Competition in Contracting Act of 1984.

**3.** The report noted that Barron's bid failure to enclose a bid in a sealed envelope as provided by the terms of the invitation is a technicality which can be waived by the CO. *Matter of R. Bruce Hoffe*, B–153288 (Mar. 19, 1964); *see Central Mechanical Construction Inc.*, B–220594,

response, on August 9, 1989, plaintiff submitted comments on the agency report to the GAO and requested that its protest be sustained because Barron's bid "(i) was not submitted prior to the scheduled time of submission of bids, and/or (ii) failed to include the required bid bond."

The GAO issued a recommendation dated October 11, 1989, which determined that Barron's bid was not submitted late. Relying on the declarations of Quinton, Thoele and Dana Brignole (Brignole), an agency procurement clerk present at the bid opening, the GAO held that "while the manner of the submission of the bid ... was irregular, the evidence clearly shows that the Barron representative relinquished control of its bid (including all bid documents) simultaneously with ... [Quinton's] ... declaration that the time for receipt of bids had passed. Accordingly, we find that Barron's bid was not submitted late."

Plaintiff filed a "Complaint for Declaratory And Injunctive Relief" in this court on October 18, 1989, requesting that the Navy be enjoined from awarding the contract to Barron. The government represented to this court in a telephone conference held on October 19, 1989, that the Navy decided to abide by the recommendation of the GAO, but would not award the contract until November 9, 1989. In addition, on this date, Barron gave notice to the court that it would appear in this action and assert its interest.

On October 25, 1989, defendant filed a motion for summary judgment. On October 31, 1989, plaintiff filed a response to defendant's motion for summary judgment and a cross-motion for injunctive and declaratory relief. On November 6, 1989, Barron filed a motion to intervene. Oral argument was held on November 7, 1989.[4]

In the present action, plaintiff asserts that Barron's bid was untimely submitted. Therefore, such an award would violate Federal procurement law, regulations and policies, and constitute a breach of the Navy's contractual obligation to consider plaintiff's bid fairly and honestly.

### Discussion

■ Jurisdiction to review pre-award contract decisions of a government agency is conferred on this court pursuant to 28 U.S.C. § 1491(a)(3) (1982), of the Federal Courts Improvement Act of 1982. *United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1366–72 (Fed.Cir.1983). Section 1491(a)(3) provides:

> To afford complete relief on any contract claim brought before the contract is awarded, the court shall have exclusive jurisdiction to grant declaratory judgments and such equitable and extraordinary relief as it deems proper, including but not limited to injunctive relief. In exercising this jurisdiction, the court shall give due regard to the interests of national defense and national security.

Pre-award contract claims under this statute are founded upon an implied-in-fact contract which arises by virtue of the bid solicitation process which obligates the government to consider offers fairly and honestly. *Keco Indus., Inc. v. United States*, 192 Ct.Cl. 773, 784, 428 F.2d 1233, 1237 (1970); *Heyer Pro. Co. v. United States*, 135 Ct.Cl. 63, 69, 140 F.Supp. 409, 413 (1956); *Paxson Elec. Co. v. United States*, 14 Cl.Ct. 634, 638 (1988). Accordingly, plaintiff's suit is properly before this court.

Summary judgment is appropriate where the pleadings raise no genuine dispute as to any material fact and, as a matter of law, the moving party is entitled to judgment. RUSCC 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). The moving party bears the burden of establishing an absence of evidence to support the non-movant's case. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct.

85–2 CPD 730 (Dec. 31, 1985); *see also* FAR § 14.405.

**4.** At the conclusion of oral argument, this court issued a bench ruling which granted defendant's motion for summary judgment and denied plaintiff's motion for injunctive and declaratory relief. Pursuant to the Order of November 8, 1989, judgment dismissing plaintiff's complaint was entered on the same date.

1598, 1608, 26 L.Ed.2d 142 (1970). The party opposing the motion for summary judgment has the burden of showing sufficient evidence, not necessarily admissible, of a genuine issue of material fact in dispute. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Any doubt over factual issues must be resolved in favor of the party opposing summary judgment, *Litton Indus. Prods., Inc. v. Solid State Sys. Corp.,* 755 F.2d 158, 163 (Fed.Cir.1985), to whom the benefit of all presumptions and inferences runs. *H.F. Allen Orchards v. United States,* 749 F.2d 1571, 1574 (Fed.Cir. 1984), *cert. denied,* 474 U.S. 818, 106 S.Ct. 64, 88 L.Ed.2d 52 (1985).

Summary judgment is appropriate here because there is no dispute between the parties as to the evidence before the GAO; therefore, this court can determine on that record whether a rational basis existed for the GAO's decision.

The issue before the Claims Court is whether the Navy can justifiably follow the GAO's recommendation that Barron's bid was submitted timely and, therefore, was responsive to the solicitation. The dispositive inquiry in deciding that question is whether the GAO's decision was a rational one. *Honeywell v. United States,* 870 F.2d 644, 647 (1989); *Hayes Int'l Corp. v. United States,* 7 Cl.Ct. 681, 684–85 (1985) (citations omitted); *Caddell Const. Co. v. United States,* 7 Cl.Ct. 236, 241 (1985) (citations omitted). As subsequently discussed, a rational basis existed.

Recommendations of the GAO are accorded "due weight and deference by this court given the GAO's long experience and special expertise in ... bid protest matters." *Baird Corp. v. United States,* 1 Cl.Ct. 662, 668 (1983) (citations omitted). Because the GAO has such an important role in resolving contested procurement matters, normally the agencies will follow its decisions. *Honeywell,* 870 F.2d at 647, 648. In addition, Congress intended that procurement agencies would follow the Comptroller General's recommendation, because an agency's failure to follow requires notice to the Comptroller General and an eventual report to Congress. *Id.* at 648.

█ The parties dispute the appropriate standard of proof required of plaintiff for injunctive relief. Defendant argues that the "clear and convincing evidence" standard is proper. *Baird Corp.,* 1 Cl.Ct. at 664 (citations omitted). This argument is supported by the intent of Congress in creating the jurisdiction of the Claims Court to grant injunctive and declaratory relief under 28 U.S.C. § 1491(a)(3). The House Committee that oversaw this legislation reported that it "expects that the Court will utilize the authority conferred upon it by this section only in truly extraordinary circumstances." H.R.Rep. No. 312, 97th Cong., 1st Sess. 44 (1981) *see CACI, Inc.—Federal v. United States,* 719 F.2d 1567, 1581 (Fed.Cir.1983). The United States Court of Appeals for the Federal Circuit has held that "[t]he Claims Court should be allowed to enjoin the agency from awarding contracts, and thereby interfere with the procurement process, 'only in extremely limited circumstances.' " *NKF Engineering, Inc. v. United States,* 805 F.2d 372, 376 (Fed.Cir.1986) (citations omitted). This holding supports the "clear and convincing evidence" standard. In addition, this court has ruled that:

> Where injunctive relief is sought, which relief is deemed drastic in nature, the court must exercise great caution and even then, the aggrieved bidder should be made to establish its right to such drastic relief by means of clear and convincing evidence.

*PNM Const., Inc. v. United States,* 13 Cl.Ct. 745, 748 (1987) (citing *Baird Corp.,* 1 Cl.Ct. at 664). Accordingly, under the "clear and convincing evidence" standard, plaintiff fails to prove its burden. Plaintiff claims the "preponderance of the evidence" standard is appropriate. *Quality Trans. Services, Inc. v. United States,* 12 Cl.Ct. 276, 281 (1987). Even under this standard, plaintiff fails to prove that the GAO's decision was irrational and thus fails to provide sufficient reason why this court should not give deference to the GAO's decision. *Honeywell,* 870 F.2d at 648.

Plaintiff also alleges that the GAO violated procurement statutes and regulations by concluding that Barron's bid was timely. Specifically, the GAO violated FAR § 14.304–1 which provides that bids "received in the office designated in the invitation for bids after the exact time set for opening are 'late bids.'" Plaintiff reads this in conjunction with the solicitation which states that "[a]ny bids submitted by hand after the time set for receipt will not be accepted" and argues that the GAO must reject Barron's bid because there is no evidence that it was submitted at 2:00 p.m., the exact time specified in the solicitation. In addition, plaintiff asserts that the evidence shows that Quinton's announcement was not commenced until after 2:00 p.m. and for that reason the bid was untimely, whether or not it was submitted simultaneously with the announcement.

This court notes that plaintiff's interpretation of FAR § 14.304–1 is unsupported by FAR § 14.402–1 and the GAO decisions which have interpreted both provisions. FAR § 14.402–1(a) provides that "[t]he bid opening officer shall decide when the time set for opening bids has arrived and shall inform those present of that decision." *See K.L. Conwell*, B–220561, 86–1 CPD ¶ 79 (Jan. 23, 1986). Consistent with that provision is the rule of law applied in the GAO's decision "[t]he bid opening officer's declaration of bid opening time is determinative of lateness unless it is shown to be unreasonable under the circumstances." *Chattanooga Office Supply Co.*, B–228062, 87–2 CPD ¶ 221 (Sept. 3, 1987).

The record before the GAO shows that Quinton made several announcements of the bid opening time prior to the final announcement at 2:00 p.m. Therefore, the GAO concluded, the record shows that Quinton's announcement was reasonable and determinative of lateness. "The time when a bid is submitted is determined by the time that the bidder relinquishes control of the bid." *Chestnut Hill Constr., Inc.*, B–216891, 85–1 CPD ¶ 443 (Apr. 18, 1985). The GAO interpreted this to mean

that a bid is late if submitted after the time the contracting or bid opening officer announces that the time set for bid opening has arrived, citing *Amfel Constr., Inc.*, B–233493.2, 89–1 CPD ¶ 477 (May 18, 1989). It was upon this basis that the Comptroller General framed the critical inquiry of when Barron relinquished control of its bid documents in relation to the bid opening officer's declaration that the time for receipt of bids had passed. In finding that the bid was relinquished *simultaneously* with Quinton's 2:00 p.m. announcement, the GAO also found that the bid was timely under *Amfel*, because the bid was *not* submitted *after* the time of the announcement. In light of the precedent cited and applied by the GAO, this court cannot hold that the GAO's decision was irrational.

The GAO's finding that Townsend relinquished control of Barron's bid (including all bid documents) simultaneously with Quinton's announcement that the time for receipt of bids had passed had ample support in the record. The GAO based its finding on the unsworn declarations[5] of Quinton, Brignole and Thoele. The Comptroller General focused on the following: Quinton declared that she was watching the clock, and "when the second hand reached the 12 she began to announce that the time for receipt of bids had passed. At that time ... [Townsend] threw the other copies of the bid (and other bid documents) on the table in front of her." Supporting this was the statement of Brignole that Townsend placed the other bid documents simultaneously with Quinton's announcement. Finally, the Comptroller General noted Thoele's declaration that he picked up the documents on the table. Based on these unsworn declarations, the court finds that a rational basis existed for the GAO's decision.

Plaintiff argues that these affidavits relied upon by the GAO fail to establish the exact time of the submission of Barron's bid. However, the record allows the GAO to conclude, based on the declarations of Quinton and Bridwell, that the bid was

---

5. Unsworn declarations are not inferior to statements made under oath. They are made under penalty of perjury and considered "with like force and effect." 28 U.S.C. § 1746 (1982).

submitted simultaneously with Quinton's announcement.

Plaintiff also alleges that the bid room clock read 2:01 p.m. when Townsend submitted Barron's bid and, therefore, it was untimely submitted. The GAO concluded otherwise, based on the statements of Quinton and Brignole, who noted that the minute hand on the bid room clock has a tendency to move past the vertical 12 when the second hand reaches the exact hour.

In addition, plaintiff avers that affidavits of other contractor employees present at the bid opening, Eric Glenn Archie, Frank Periman and Thomas M. Black establish that Barron's bid was late ("10 to 15 seconds late", Plaintiff's Proposed Findings of Uncontroverted Facts p. 3). First, it is important to note that these affidavits were submitted with the agency report and were considered by the GAO.[6] The majority of these affidavits do not conflict with the GAO's finding that the bid documents were submitted simultaneously with Quinton's announcement. Eric Glenn Archie states that he does not recall hearing the receiving official call time and states that when Townsend turned in the bid document, he noticed only that the second hand was past 2:00 p.m. Frank Periman does not state how long after Quinton began the announcement when Townsend handed in Barron's bid documents, he merely states that it was after 2:00 p.m. Only Thomas Black supports plaintiff's position.

Even if the court would come to a different conclusion, the procurement agency's decision to follow the Comptroller General's recommendation is proper, unless the Comptroller General's decision itself was irrational. *Honeywell*, 870 F.2d at 648. "If the court finds a reasonable basis for the agency's action, the court should stay its hand even though it might, as an original proposition, have reached a different conclusion as to the proper administration

and application of the procurement regulations." *Id.* at 648 (citing *M. Steinthal & Co. v. Seamans*, 455 F.2d 1289, 1301 (D.C. Cir.1971)).

### Conclusion

For all the above reasons, the court finds that the Comptroller General's decision that Barron's bid was not submitted late had a rational basis and, therefore, the decision to follow the recommendation by the CO was not arbitrary and capricious, and not contrary to the law.[7]

---

6. Although Carothers Construction Inc. (Carothers) was not required to file a protest with the GAO, it elected to do so. This election precludes the Claims Court from conducting its own independent *de novo* determination. *Honeywell*, 870 F.2d at 647.

