**COFLEXIP & SERVICES, INC., Plaintiff,**

v.

**The UNITED STATES, Defendant.**

No. 33–88C.

United States Claims Court.

May 22, 1990.

Stephen T. Owen, Washington, D.C., for plaintiff.

Terrence S. Hartman, Washington, D.C., with whom was Stuart E. Schiffer, Acting Asst. Atty. Gen., for defendant.

## ORDER

MOODY R. TIDWELL, III, Judge:

This matter is before the court on the parties' cross-motions for summary judg-

ment pursuant to Rule 56 of the Rules of the United States Claims Court (RUSCC). The court shall grant a party's motion for summary judgment under RUSCC 56 when their are no genuine issues of material fact in dispute and when the moving party is entitled to judgment as a matter of law. A fact is material if, according to the applicable substantive law, it could affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A genuine issue exists as to such a fact when the evidence is such that a reasonable fact-finder could return a verdict for the non-moving party. *Id.* The court, having considered the arguments presented in the parties' motions and supporting attachments, finds that the parties have failed to adequately brief the court on certain points, and that issues of material fact remain. This matter is not, therefore, completely ripe for summary judgment.

### FACTS

In this matter, plaintiff sought to recover its bid preparation costs as damages for defendant's breach of an implied contract to fully and fairly consider plaintiff's proposal. The matter comes before this court after a finding by the General Accounting Office (GAO) that defendant failed to fairly consider a proposal that plaintiff made in connection with a United States Department of Transportation, Maritime Administration (MaRad) solicitation. Decision of the Comptroller General, No. B–216634 (May 16, 1985).

In March 1984, MaRad issued a Request for Proposals (RFP) to supply a system that would deliver petroleum from a tanker anchored offshore to an onshore military facility during a United States military operation. The RFP sought proposals for three primary components: a tanker, a single-point mooring system, and a flexible pipe conduit system. The RFP listed certain design requirements for each system, as well as general "proposal evaluation criteria."

Shortly after the RFP was issued, plaintiff and five other companies submitted proposals to furnish some or all of the components in the requested system. Plaintiff submitted a proposal to furnish the flexible pipe conduit system only. All of the proposals were reviewed by industry experts, and four of the proposals were eliminated immediately. The proposals of the remaining two bidders, plaintiff and Simplex Wire & Cable, were retained for further review.

The parties' briefs disagreed on the course of the ensuing negotiations. Plaintiff contended that at all times during the negotiations it was led to believe that its proposal was being given serious consideration and, at times, that its proposal was superior to that of Simplex. In support of this, plaintiff offered various correspondence which indicated MaRad's support for plaintiff's system over Simplex's proposal. Defendant, however, contended that its evaluators found that plaintiff's system "presented several operational limitations, which were considered to bear negatively on the 'credibility of the proposal....'"

The net result of this process under either scenario was that, in May 1984, defendant commenced negotiations with Simplex for award of the contract. Plaintiff was not notified of defendant's decision until sometime in July, 1984. Later in that same month, defendant awarded the contract to Simplex.

In October of 1984, plaintiff filed a protest of defendant's award with the GAO. The GAO found that defendant had breached its implied contract to fully and fairly evaluate plaintiff's proposal. Specifically, the GAO found that defendant had relaxed certain of the technical specifications and the delivery schedule for Simplex, but not for plaintiff. These irregularities deprived plaintiff of an opportunity to present a proposal competitive with that of Simplex. The GAO awarded plaintiff a recovery of its "proposal preparation costs" as a remedy.

Pursuant to the GAO finding, plaintiff filed with MaRad a claim for recovery in the amount of $257,142.63. This amount included expenses associated with the development of a prototype of the flexible

conduit pipe system and the expenses incurred in the protest before the GAO. The Defense Contract Audit Agency performed an audit of this claim and found that approximately $200,000.00 of the $257,142.63 claimed by plaintiff was incurred after plaintiff submitted its technical and cost proposals in March 1984. Based on this audit, defendant reimbursed plaintiff for only $54,141.00 of the total amount claimed. Plaintiff's action in this court seeks the remaining $203,001.63.

## DISCUSSION

Two questions are presented by the parties' cross-motions for summary judgment: (1) whether, as part of proposal preparation costs, plaintiff is entitled to recover expenses incurred to develop a prototype; and (2) whether plaintiff is similarly entitled to recover expenses incurred in connection with its protest before the GAO. The court will consider both of the questions in turn.

### A. Prototype Costs

■ Defendant argued that the expenses plaintiff incurred in developing a prototype were not bid preparation costs. This argument, however, stemmed from a mischaracterization of this bidding process. Implicit in defendant's argument was the assertion that the RFP called for submission of final proposals, after which there would be no negotiation or development of the proposal pending defendant's review of the submissions. The facts presented to the court by both parties, however, suggested otherwise. Plaintiff noted, and defendant did not dispute, a series of inquiries and meetings with MaRad representatives after plaintiff submitted its proposal. Thus, it is evident to the court that defendant anticipated that companies submitting proposals would incur expenses in developing and defending their proposal after an initial submission.

Because defendant anticipated a negotiated procurement, the RFP was governed by the regulations found in Part 1–3 of the Federal Procurement Regulations (FPR), 41 C.F.R. §§ 1–3.1 to 1–3.1302–6 (1984).

These regulations describe a procurement process that permits considerable negotiation and revision of initial submissions. E.g., 41 C.F.R. § 1–3.805–1 (1984). Thus, expenses plaintiff incurred pursuant to the ongoing development or revision of its negotiated bid may have been bid preparation costs as defined in 41 C.F.R. § 1–15.205–3 (1984). The expenses of building the prototype, therefore, cannot be said to be excluded from bid preparation costs as a matter of law.

The cases that defendant cited in support of its argument against recovery of prototype expenses are distinguishable from the present situation. Defendant relied substantially on two cases: General Dynamics Corp. v. United States, 202 Ct.Cl. 347 (1973), and AT & T Technologies, Inc. v. United States, 18 Cl.Ct. 315 (1989). In General Dynamics, the plaintiff argued that the expenses of developing a prototype airplane were recoverable as bid preparation costs. The prototype there was developed in secret and after the United States had rejected General Dynamic's bid. The court stated that "[i]t seems obvious that when the plaintiff was fabricating and demonstrating the [airplane], such activities were entirely different from those involved in 'preparing bids or proposals on potential ... contracts or projects.'" General Dynamics, 202 Ct.Cl. at 358. In view of the nature of the procurement in the case at bar, however, it cannot be said, as a matter of law, that the development of a prototype flexible conduit pipe was an activity entirely different from those involved in preparing bids or proposals.

In AT & T Technologies, the plaintiff sought recovery of the cost of procuring certain equipment. That plaintiff "conceded that none of [the] costs were incurred for purposes of preparing [its] proposal but rather to place [it] in a position to perform the contract had it received the award." AT & T Technologies, 18 Cl.Ct. at 322. The court held that such costs were not part of bid preparation costs as defined under the relevant regulations. Plaintiff in the case at bar, however, did not make the same argument as plaintiff in AT & T

*Technologies.* Plaintiff here asserted that its development of a prototype before selection of its proposal was a necessary precondition to final award of the contract.

The court holds, therefore, that defendant is not entitled to a judgment that, as matter of law, plaintiff's prototype expenses are not recoverable as bid preparation costs. The court is unable, however, to grant plaintiff summary judgment on this question as material issues of fact remain in dispute. As noted above, the presence of disputed issues of material fact render summary judgment unavailable. RUSCC 56(c).

First, the issue of whether plaintiff was required to build a prototype as a precondition to final award of the contract is in dispute. Plaintiff asserted in its motion that "[t]he solicitation in this case specified that demonstration of the proposed conduit pipe would be a prerequisite to final award [of the contract]." Plaintiff failed, however, to point the court to any language in the RFP or other contemporaneously written documents that might indicate such a requirement. Neither did plaintiff respond to the statement found in an October 8, 1987 letter to a representative of plaintiff from an agent of defendant that said

> [t]esting a product subsequent to submission of a proposal, although it might be deemed to be prudent business practice, is not part of the required proposal preparation. This was acknowledged, on page 9 of your claim, when you stated, "the RFP did not specify any production or testing of sample sections of pipe...."

Thus, it remains in dispute whether such a prototype was a necessary precondition to final award of the contract.

Second, the issue of whether defendant's agents had the authority to induce plaintiff to incur the expense of building a prototype is also in dispute. The arguments of both parties, as presented in their motions, did not meet on this issue. Defendant maintained that its agents were without authority to induce plaintiff to believe that plaintiff would be reimbursed for prototype expenses. Accordingly, defendant argued that it was not liable as the government cannot be bound by the unauthorized inducements of its agents. *E.g., Federal Crop Ins. Corp. v. Merrill,* 332 U.S. 380, 384–85, 68 S.Ct. 1, 3–4, 92 L.Ed. 10 (1947). Plaintiff responded that it did not claim to have relied on MaRad statements that plaintiff would be reimbursed for prototype expenses, but rather that it relied on MaRad statements that a prototype was necessary for award of the contract. The parties arguments never met on this issue. Thus, it remains in dispute whether defendant's agents had authority to induce plaintiff to build a prototype.

**B. Protest Costs**

■ Defendant is entitled to summary judgment on the question of its liability for plaintiff's protest costs. This court is without jurisdiction to award recovery of a money judgment against the United States in the absence of a specific waiver of sovereign immunity. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 398, 96 S.Ct. 948, 953, 47 L.Ed.2d 114 (1976); *United States v. Connolly,* 716 F.2d 882, 885 (Fed.Cir.1983) (en banc), *cert. denied,* 465 U.S. 1065, 104 S.Ct. 1414, 79 L.Ed.2d 740 (1984). At all times relevant to this matter, no such waiver existed with respect to attorney's fees or other litigation expenses incurred in protesting a procurement process. Plaintiff asked the court to retroactively apply a subsequent waiver, contained in the Competition in Contracting Act of 1984 (CICA), Pub.L. No. 98–369, 98 Stat. 1175, to the circumstances of this matter. The court declines this invitation.

Plaintiff relied on the case of *Eastern Marine, Inc. v. United States,* 10 Cl.Ct. 184 (1986), in support of its argument for recovery of protest costs. In *Eastern Marine,* a bidder recovered protest costs under the Equal Access to Justice Act (EAJA). The court in *Eastern Marine* noted that recovery under that Act was limited to "qualified prevailing parties," and that "[Eastern Marine] is a 'prevailing party' as defined by the [EAJA] since it is a small business...." *Id.* at 186. Plaintiff neither briefed the court on the force of the EAJA on this matter nor did plaintiff assert that

**416**

it would be qualified under the EAJA. Rather, plaintiff merely argued, by analogy, that since Eastern Marine recovered protest costs, so should plaintiff. Analogy could not override the lack of an express waiver to sovereign immunity under CICA, and it can not do so here.

Moreover, plaintiff failed to address the court's reasoning in *AT & T Technologies* that protest costs are not recoverable as bid preparation costs because there is no waiver to sovereign immunity for such costs. *AT & T Technologies* 18 Cl.Ct. at 325. Plaintiff merely stated that it disagrees with the *AT & T Technologies* court's holding; this court, however, finds that holding persuasive. Plaintiff also attempted to distinguish *AT & T Technologies* on the grounds that plaintiff, unlike AT & T Technologies, did prevail before the GAO. The court in *AT & T Technologies* noted that this distinction could make a difference in whether protest costs were recoverable as bid preparation costs. *Id.* at 326. The *AT & T Technologies* court's dicta, however, is inapposite to the case at bar. *AT & T Technologies* was decided while CICA was in force. Thus, the fact that a plaintiff prevailed before the GAO might have entitled it to protest costs. As noted above, however, this matter is not governed by CICA, and the GAO had no authority to award protest costs at the time and under the circumstances of this case.

### CONCLUSION

For the foregoing reasons, the court denies both parties' motions for summary judgment on the question of whether plaintiff is entitled to recover the cost of developing a prototype as part of its bid preparation costs. Likewise, the court grants defendant's motion for summary judgment on the question of its liability for protest costs, and similarly denies plaintiff's motion for summary judgment with respect to its claim for protest costs as part of its bid preparation costs.

IT IS SO ORDERED.