980 F.2d 742
 38 Cont.Cas.Fed. (CCH) P 76,412
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
The ORKAND CORPORATION, Appellant,
v.
Lynn MARTIN, Secretary of Labor, Appellee,
and
Computer Based Systems, Inc., Intervenor.
 No. 92-1077.
 United States Court of Appeals, Federal Circuit.
 Oct. 9, 1992.
 
 Before CLEVENGER, Circuit Judge, COWEN, Senior Circuit Judge, and RADER, Circuit Judge.
 RADER, Circuit Judge.
 
 DECISION
 
 1
 The Orkand Corporation (Orkand) appeals the decision of the General Services Administration Board of Contract Appeals (Board) dismissing in part and denying in part its protest of a contract awarded to Computer Based Systems, Inc. (CBSI). Orkand Corp., GSBCA No. 11405-P, 92-1 B.C.A. (CCH) p 24,624 (1991). Because substantial evidence supports the Board's decision, this court affirms.
 
 OPINION
 
 2
 This court adopts the facts set forth in the Board's decision. Id. On April 26, 1991, the Department of Labor, Bureau of Labor Statistics (Labor) issued a solicitation for the procurement of automatic data processing technical services. The procurement helped Labor evaluate and design its processing of statistical data. The procurement cost about $37,000,000 over a four year period. Five offerors submitted proposals. However, after the initial scoring, only CBSI and Orkand remained in the competitive range. Labor awarded the contract to CBSI on August 12, 1991.
 
 
 3
 On August 21, 1991, Orkand protested the award. On November 14, 1991, after a two-day hearing, the Board denied in part and dismissed in part Orkand's protest.
 
 
 4
 Orkand seeks reversal of three of the Board's eleven holdings: (1) Orkand was not a proper party to protest the mandatory personnel requirement of the contract because Orkand itself also did not comply with these requirements; (2) CBSI's failure to price certain overtime rates was an insignificant violation; and (3) Labor's failure to obtain Equal Employment Opportunity (EEO) clearance prior to the contract award constituted a de minimis violation.
 
 
 5
 This court reviews decisions of the Board under a limited standard of review. See 41 U.S.C. § 609(b) (1988). While reviewing the Board's conclusions of law de novo, this court defers to Board fact-finding unless unsupported by substantial evidence. Andersen Consulting v. United States, 959 F.2d 929, 932 (Fed.Cir.1992). In addition, the Board's interpretations of the applicable regulations deserve some deference because of its expertise in this area. Id.
 
 
 6
 Orkand had the burden to show at trial that CBSI's violation of a procurement statute prejudiced Orkand. CACI Field Servs. v. United States, 854 F.2d 464, 465 (Fed.Cir.1988). However, the Board should not overturn an award because of de minimis errors in the procurement process. Andersen Consulting, 959 F.2d at 932.
 
 Personnel Requirements
 
 7
 The Board determined that certain personnel qualifications in the solicitation were mandatory for all staff under the contract. The Board also determined that a few on CBSI's staff did not meet the mandatory qualifications. However, the Board noted that Orkand's proposed staff also did not meet the same statutory requirements. Because both parties failed to meet the mandatory requirements, the Board concluded that Orkand suffered no prejudice that the Board could remedy by upholding the protest. In fact, Orkand would not have won the award even if the Board had rescored the bid and given Orkand a perfect score for the categories in question. Thus substantial evidence supports the Board's determination that Orkand suffered no prejudice.
 
 Overtime Pricing Requirements
 
 8
 CBSI offered to absorb all overtime costs up to five percent of the total hours. CBSI provided no overtime rates between five and twenty-five percent. Orkand claims that this omission by CBSI made its contract offer ineligible for award.
 
 
 9
 The solicitation required offerors to provide hourly rates for regular time and overtime. The solicitation also indicated that the amount of authorized overtime could not exceed twenty-five percent of the total effort. However the solicitation specifically provided that overtime would be evaluated at five percent of proposed direct labor. Therefore, the Board determined that CBSI's omission did not effect the competition.
 
 
 10
 On the current contract, which this solicitation proposed to extend, overtime consumed about one percent of the direct labor costs. Moreover, the record shows that the chance of Labor requiring more than five percent overtime was a "very very very remote possibility." On this evidence, the Board, citing Anderson Consulting, determined that any failure by CBSI in this regard was insignificant. Substantial evidence supports this finding.
 
 EEO Clearance
 
 11
 At the time of the contract award, Labor had applied for, but not yet received, EEO clearance. The record disclosed no evidence that Labor would be unable to obtain clearance within a brief time period. The delay was at best a de minimis oversight. Moreover, Orkand suffered no prejudice as a result of the delay in obtaining EEO clearance.
 
 CONCLUSION
 
 12
 The Board dismissed in part and denied in part Orkand's protest of the contract awarded to CBSI. The Board concluded that "the procurement was fairly conducted and the ultimate award decision was properly justified." This court affirms that decision.