NOTE: This disposition is non-precedential.

# United States Court of Appeals for the Federal Circuit

---

**INNOVATION DEVELOPMENT ENTERPRISES OF AMERICA, INC.,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2014-5070

---

Appeal from the United States Court of Federal Claims in No. 1:11-cv-00217-LJB, Judge Lynn J. Bush.

---

Decided: January 12, 2015

---

CHARLES K. CRAIN, of Tulsa, Oklahoma, for plaintiff-appellant.

ELIZABETH ANNE SPECK, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With her on the brief were STUART F. DELERY, Assistant Attorney General, ROBERT E. KIRSCHMAN, JR., Director, and DEBORAH A. BYNUM, Assistant Director. Of counsel was KATY M. BARTELMA, Trial Attorney.

_____

Before DYK, O'MALLEY, and TARANTO, *Circuit Judges.*

O'MALLEY, *Circuit Judge.*

Innovation Development Enterprises of America, Inc. ("IDEA") appeals the final decision of the United States Court of Federal Claims ("CFC") denying its claim for bid preparation and proposal costs in its entirety. Because we agree with the CFC that IDEA is not entitled to recover any costs, and that IDEA is, therefore, not a prevailing party under the Equal Access to Justice Act ("EAJA"), we *affirm.*

## I. BACKGROUND

The contract award challenged in this suit was for support services for the Air Force's Command Man-Day Allocation Systems ("CMAS"). In the mid-1990's, an internal Air Force team, which included Lawrence A. Crain ("Crain"), developed CMAS. In 1999, the Air Force hired an outside contractor to further develop CMAS and provide support services for CMAS. The Air Force selected Harris IT Services Corp. ("Harris") for the initial contract. In 2004, Harris also won the second contract for CMAS services. From 1999 until 2007, Harris subcontracted with IDEA to provide support services. Crain is the sole proprietor of IDEA.

After Harris stopped subcontracting with IDEA, Crain began to explore the notion of IDEA entering bids for the next CMAS support contract. The Air Force, however, extended the second CMAS contract with Harris for six months in a sole-source bridge contract to bridge the gap between the second CMAS support contract and another five-year contract. The Air Force did not solicit any proposals from any other contractors for the sole-source bridge contract and no other contractor submitted a proposal.

Crain protested the award of the sole-source bridge contract with the Air Force and the Government Accountability Office. After those protests failed, IDEA filed a bid protest at the CFC on April 7, 2011. On January 29, 2013, the CFC found that the sole-source bridge contract was improper and that IDEA had shown that it had been prejudiced. At that time, the sole-source bridge contract had already been fully performed and the successor contract had already been awarded. The CFC, therefore, denied IDEA's claims for injunctive relief as moot.

The CFC did allow IDEA to submit supplemental briefing as to whether it was entitled to bid preparation and proposal costs, as well as attorney fees under the EAJA. On January 17, 2014, the CFC concluded that IDEA was not entitled to compensation for any of its claimed costs. *Innovation Dev. Enters. Of Am., Inc. v. United States*, 114 Fed. Cl. 213 (2014). The CFC first found that IDEA did not submit a proposal and did "not allege that a draft proposal was ever prepared." *Id.* at 222. Based on these findings, the CFC explained that: (1) there is no support in the Federal Acquisition Regulation for a claim for bid preparation costs when no draft proposal has been prepared and no proposal has been submitted; (2) although costs may be recovered for unsolicited proposals, IDEA did not prepare or submit an unsolicited proposal; and (3) recovery of costs must be based on law, not equity. The CFC further concluded that, even if IDEA could recover bid preparation and proposal costs when it did not draft or submit a proposal, none of its claimed costs were recoverable under the statute. According to the CFC, all of IDEA's claimed activities were directed at business planning, networking, training, or marketing. Finally, the CFC found that the hours and rates claimed were not reasonable, particularly based on the description of the tasks. Because the hours and the rates were not reasonable, the CFC concluded that, even if IDEA's claims were recoverable, "a significant portion of that claim

would be rejected as unreasonable and excessive." *Id*. at 225.

Ultimately, the CFC concluded that, because IDEA did not obtain monetary or injunctive relief, it was not a prevailing party entitled to recovery of attorney fees under the EAJA.

IDEA timely appealed. Because this is an appeal from a final decision of the CFC, we have jurisdiction under 28 U.S.C. § 1295(a)(3) (2012).

## II. DISCUSSION

On appeal, IDEA argues that the CFC erroneously decided that there is "no recovery when no bid was submitted" and that the "'act of submitting a bid' is always essential. Appellant's Br. 11–12. IDEA contends that it should receive "just and proper reimbursement for its pre-solicitation bid preparation costs" because the Air Force refused to allow any bids for the sole-source bridge contract. *Id*. at 13. IDEA further insists that the number of hours it is requesting for reimbursement is very modest and there is independent evidence supporting its claims. Although it never prepared a draft proposal, IDEA insists that its pre-solicitation actions were recoverable and reasonable, including: (1) pre-drafting elements to go in the proposal, including "ABOUT CMAS" and "ABOUT IDEA" sections; (2) contacts with the contracting office; and (3) checking for the bid posting online. Joint Appendix ("J.A.") 68–72. According to IDEA, moreover, the CFC was wrong in valuing Crain's labor at $0/hour and that there were a number of possible acceptable rates the CFC could have adopted. Finally, IDEA asserts that the CFC wrongly rejected its claim for attorney fees under the EAJA because the Air Force clearly broke the law and the EAJA is designed to protect companies like IDEA.

The government responds that the burden is on the protestor to adequately demonstrate reasonable and

recoverable costs in a bid protest case. According to the government, the CFC correctly concluded that IDEA was not entitled to bid preparation costs because it did not submit or prepare a proposal. The government contends that the CFC also correctly concluded that all of IDEA's costs were not properly characterized as bid preparation and proposal costs. Because the CFC is not a court of equity, the government asserts that CFC correctly found that there is no basis in law for IDEA's monetary claims. According to the government, moreover, the CFC properly concluded that all of IDEA's costs are unsupported, not reasonable, and excessive. Finally, the government argues that, based on binding precedent, the CFC properly rejected IDEA's EAJA claim.

We review the CFC's decisions de novo for errors of law and for clear error for findings of fact. *Ind. Mich. Power Co. v. United States*, 422 F.3d 1369, 1373 (Fed. Cir. 2005).

### A. Bid Preparation and Proposal Costs

By statute, if a party is successful in a bid protest case, "the [CFC] may award any relief that the court considers proper, including declaratory and injunctive relief except that *any monetary relief shall be limited to bid preparation and proposal costs.*" 28 U.S.C. § 1491(b)(2) (emphasis added). Although § 1492(b)(2) does not define bid preparation and proposal costs, courts often turn to the Federal Acquisition Regulation ("FAR") provisions for guidance in interpreting the statute. *See Coflexip & Servs., Inc. v. United States*, 961 F.2d 951, 953 (Fed. Cir. 1992) (referring to the federal regulations to define proposal preparation costs).

The pertinent FAR provision states in relevant part: "Bid and proposal (B&P) costs means the costs incurred in preparing, submitting, and supporting bids and proposals (whether or not solicited) on potential Government or non-Government contracts." 48 C.F.R. § 31.205-18(a) (2012).

We agree with the CFC that IDEA is not entitled to recover any costs because IDEA did not submit or prepare a bid proposal.[1] The statute clearly limits monetary relief available to "bid preparation and proposal costs," 28 U.S.C. § 1491(b)(2). It is undisputed that IDEA never submitted a proposal, whether solicited or unsolicited. The CFC further found that IDEA did not even allege that it prepared a draft proposal. We see no clear error in this finding. Although IDEA argues that it drafted materials about CMAS and IDEA that it intended to put in the proposal, a review of those materials indicates that they were clearly used in an email to the Air Force before any bid was posted. *See* J.A. 68–72.

IDEA's equitable argument is unpersuasive because the plain language of the statute states that "*any monetary relief shall be limited to bid preparation and proposal costs*." 28 U.S.C. § 1491(b)(2) (emphasis added). Furthermore, IDEA's assertion that the number of hours it claims is very modest misses the point. Monetary relief, no matter how "modest," is not available except for bid preparation and proposal costs.

Because we conclude that IDEA cannot recover any costs when it did not submit or prepare a bid proposal, we affirm the CFC's decision to deny IDEA's claim for costs in its entirety.

## B. IDEA's EAJA Claim

The EAJA provides that "a court may award fees and expenses of attorneys . . . to the *prevailing party* in any civil action brought by or against the United States or any agency or any official of the United States acting in his or her official capacity in any court having jurisdiction of

---

[1] Because this conclusion is sufficient to affirm the CFC's opinion, we decline to address IDEA's remaining arguments.

such action." 28 U.S.C. § 2412(b) (emphasis added). In *Farrar v. Hobby*, 506 U.S. 103 (1992), the Supreme Court defined "prevailing party": "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." 506 U.S. at 111–12. We have generally adopted this meaning of prevailing party in "all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Singer v. Office of Senate Sergeant at Arms*, 173 F.3d 837 (Fed. Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).[2]

In this case, the CFC correctly rejected IDEA's claim for EAJA because IDEA was not a prevailing party entitled to recovery of attorney fees. IDEA did not receive an injunction and recovered no money damages. Therefore, IDEA did not receive any actual relief that "materially alters the legal relationship between the parties." *Farrar*, 506 U.S. at 111–12.

Because IDEA is not a prevailing party, we conclude that the CFC properly denied recovery of attorney's fees under 28 U.S.C. § 2412(b).

## III. CONCLUSION

For the foregoing reasons, we affirm the decision of the CFC.

**AFFIRMED**

---

[2] In *Singer*, this court concluded that the plaintiff was not the prevailing party because, despite the finding that he had a disability, the decision "entitle[d] him to no benefits beyond the accommodations the [Agency] already gave him due to his alcoholism, which this court determined in the preceding discussion to be insufficient to make him a 'prevailing party.'" *Id.* at 842.