# In the United States Court of Federal Claims

No. 17-1407C
(Filed under seal January 24, 2023)
(Reissued February 1, 2023)†

* * * * * * * * * * * * * * * * * *

ARXIUM, INC.,

                    Plaintiff,

      v.

THE UNITED STATES,

                 Defendant,

        and

INNOVATION
ASSOCIATES, INC.,

           Defendant-Intervenor.

* * * * * * * * * * * * * * * * * *

*Fernand A. Lavallee*, Jones Day, Washington, D.C., for plaintiff.

*Michael D. Austin*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for defendant.

*David Y. Yang*, K&L Gates, LLP, Washington D.C., for defendant-intervenor Innovation Associates, Inc.

## **ORDER**

WOLSKI, Senior Judge.

In this post-award bid protest, the Court had previously found that plaintiff ARxIUM, the initial awardee, was arbitrarily excluded from the competitive range

---

† This order was initially filed under seal so that the parties could request redactions. None having done so, the order is now reissued for publication.

when agency corrective action reinterpreted two latently ambiguous requirements without issuing clarifying amendments and giving plaintiff the opportunity to revise its proposal. *ARxIUM, Inc. v. United States* (*ARxIUM I*), 136 Fed. Cl. 188, 198–208 (2018). After the subsequent award was enjoined, *see id.* at 210–11, the Defense Logistics Agency (DLA) amended the solicitation regarding one of the requirements in a manner that precluded ARxIUM from competing for the award without the assistance of incumbent intervenor Innovation Associates---which denied plaintiff's requests. *ARxIUM, Inc. v. United States* (*ARxIUM II*), 139 Fed. Cl. 85, 87 (2018). Consequently, the Court concluded that ARxIUM was entitled to an award of bid preparation and proposal costs, as plaintiff "was unfairly induced to enter a competition that could not be won without the aid of a competitor." *Id.* (citing *ARxIUM I*, 136 Fed. Cl. at 200–01 (citing *Centech Grp., Inc. v. United States*, 79 Fed. Cl. 562, 564, 577 (2007); *Concept Automation, Inc. v. United States*, 41 Fed. Cl. 361, 369–70 (1998)); *see also Guzar Mirbachakot Transp. v. United States*, 104 Fed. Cl. 53, 68 (2012) (holding that unnecessary bid proposal costs that were arbitrarily induced may be recovered, in addition to injunctive relief).

Entry of judgment was deferred by the Court until the quantum of awarded costs could be determined. *ARxIUM II*, 139 Fed. Cl. at 88. Plaintiff was ordered to submit to the government a detailed reckoning of its bid preparation and proposal costs. *Id.* If those two parties could not agree to a stipulated amount of costs, each was ordered to file a paper detailing its position. *Id.* Since agreement proved elusive, ARxIUM and the government each filed their separate papers. *See* Pl.'s Position on Bid Prep. & Proposal Costs (Pl.'s Br.), ECF No. 66; Def.'s Opp'n to Pl.'s Cost Subm'n (Def.'s Br.), ECF No. 65. The proper size of the award of bid preparation and proposal costs is the matter presently before the Court.

In support of plaintiff's brief, plaintiff has attached multiple exhibits detailing the cost breakdown for its proposal. Pl.'s Br. Exs. 1–8. Plaintiff has provided declarations as to the accuracy of the submitted costs by Christine Ross, the Director of Compliance & Contracting, and by Cathy Gregg, the Director of Human Resources. Pl.'s Br. Ex. 1, ECF No 66-1 at 4–5 (Gregg Decl.), 9–12 (Ross Decl.). Attached to the Gregg declaration were two tables calculating and depicting the fully burdened hourly rate for each of the ARxIUM employees who worked on plaintiff's proposal. *Id.*, ECF No. 66-1 at 7–8. Attached to the Ross declaration are five attachments labeled Exhibits A–E. *Id.*, ECF No. 66-1 at 13–57. The first exhibit includes descriptions of the time spent by ARxIUM employees in preparing the proposal, such as entering data, drafting documents, reviewing messages, and attending meetings. *Id.*, ECF No. 66-1 at 15–30. It also includes time records for outside counsel relating to analysis of the final solicitation amendments. *Id.*, ECF No. 66-1 at 31–33. Exhibits B and C to the Ross declaration contain documents evincing some of the work performed in preparing the ARxIUM proposal. *Id.*, ECF No. 66-1 at 34–42. Exhibit D relates to a meeting held to discuss a response to the final solicitation amendments. *Id.*, ECF No. 66-1 at 44. Exhibit E contains

correspondence between plaintiff and plaintiff's counsel detailing legal costs, with most of the information redacted. *Id.*, ECF No. 66-1 at 46–57.

Finally, plaintiff's Exhibits 2 to 8 contain correspondence between the plaintiff and the government, encompassing their disagreements over various line items and showing how ARxIUM reached the final cost figure submitted for award. Pl.'s Br. Exs. 2–8. Plaintiff requests an award of $80,164.48 for bid preparation costs broken down into the categories of costs for employee time and labor ($22,987.15), legal advice and counsel ($11,100.00), and opportunity costs ($46,077.33). Pl.'s Br. at 1, 6–9; Ex. 5 to *id.*, ECF No. 66-5 at 10. The government opposes the latter two categories of costs in their entirety and disputes $2,564.72 of the costs associated with ARxIUM's employee time and labor. Def.'s Br. at 1.

Under the Tucker Act, 28 U.S.C. § 1491, as amended by the Administrative Dispute Resolution Act of 1996 (ADRA), Pub. L. No. 104-320, 110 Stat. 3870 (1996), in a bid protest our court "may award any relief that the court considers proper, including declaratory and injunctive relief except that any monetary relief shall be limited to bid preparation and proposal costs." 28 U.S.C. § 1491(b)(2). While bid preparation and proposal costs are not statutorily defined, our court has turned to the language in the Federal Acquisition Regulations (FAR), which interprets these costs to include "costs incurred in preparing, submitting, and supporting bids and proposals (whether or not solicited) on potential government or non-government contracts." *Geo-Seis Helicopters, Inc. v. U.S.*, 79 Fed. Cl. 74, 80 (2007) (quoting 48 C.F.R. § 31.205-18(a)) (cleaned up); *see also Beta Analytics Int'l, Inc. v. United States*, 75 Fed. Cl. 155, 160 (2007) (holding FAR provisions concerning bid preparation and proposal costs were "useful guidance" but "not authoritative").

The bid preparation and proposal costs associated with the employee hours of plaintiff are for the most part well-explained, documented, and justified. Although ARxIUM understandably did not keep time records like a law firm, records in this form are not necessary to support a small business's request for proposal costs. *Beta Analytics*, 75 Fed. Cl. at 163. In her declaration, Ms. Ross, the manager of ARxIUM's proposal, explained her personal knowledge of the work performed and the reasonable methodology she adopted to estimate the time taken to perform the various tasks involved. *See* Ross Decl. ¶¶ 1, 3–9.

The government agrees with nearly ninety percent of the employee costs that ARxIUM attributes to its proposal, objecting to just $2,564.72 of this portion of the request. Def.'s Br. at 1. The bulk of these challenged costs concern work performed after DLA amended the solicitation in response to the Court's ruling on ARxIUM's protest. *See id.* at 10. As this work did not result in a revised proposal submission, the government maintains that it cannot contribute to bid preparation and proposal costs. *Id.* (citing *Innovation Dev. Enters. Am., Inc. v. United States* (*IDEA*), 600 F. App'x 743, 746 (Fed. Cir. 2015)). Plaintiff argues that once the solicitation was

amended, the proposal it previously submitted effectively became a draft proposal, and that its efforts to comply with the amendments amounted to further work on that draft proposal. Pl.'s Br. at 11–14. It relies on a string of cases stating that awardable bid preparation costs include costs incurred in "preparing draft and actual bids." *Id.* at 12 (citing *Lion Raisins, Inc. v. United States*, 52 Fed. Cl. 629, 631 (2002); *Couture Hotel Corp. v. United States*, 138 Fed. Cl. 333, 341 (2018); *Q Integrated Cos., LLC v. United States*, 133 Fed. Cl. 479, 487 (2017)); *see also Naplesyacht.com, Inc. v. United States*, No. 04-252C, 2005 WL 6112642, at *1 (Fed. Cl. March 31, 2005) (citing *Lion Raisins*, 52 Fed. Cl. at 631).

None of these cases cited by ARxIUM concerned drafting work that did not ultimately result in a submitted proposal. One case, *Couture Hotel*, 138 Fed. Cl. at 341–42, involved neither a proposal nor any drafting work, but instead building purchase and renovation costs that are clearly not awardable as bid preparation and proposal costs. The others concerned work culminating in submitted proposals. But, as plaintiff notes, *see* Pl.'s Br. at 13, in the non-precedential case relied upon by the government, the Federal Circuit affirmed a decision of our court denying bid preparation and proposal costs when a protester "did not submit *or prepare* a bid proposal," *IDEA*, 600 F. App'x at 746 (emphasis added), suggesting that mere preparation of a bid or proposal might be enough.

But even if a prospective offeror might be able to recover preparation costs for an unsubmitted proposal, plaintiff does not even allege that its employees' efforts following the Court's injunctive relief resulted in a revised proposal. Rather, Ms. Ross described this work as "its *attempt to prepare* a bid responsive to the final revised RFQ at issue in this matter." Ross Decl. ¶ 2 (emphasis added); *see also* Pl.'s Br. at 14 (admitting that "*completion* and submission of a revised, final proposal" was not accomplished) (emphasis added). There cannot be bid or proposal costs if there is no bid or proposal. Nor can the post-injunction efforts be construed as "supporting" the proposal that had previously been submitted, *see* 48 C.F.R. § 31.205-18(a), as the solicitation amendments necessitated a new submission. *See* Pl.'s Mot. Entry J. Ex. 1, ECF No. 55-1 at 3, 7; *cf. Coflexip & Servs., Inc. v. United States*, 961 F.2d 951, 954 (Fed. Cir. 1992) (pre-ADRA opinion finding "post-submission costs pursuant to ongoing negotiations" concerning an existing proposal may be proposal preparation costs).[1]

---

[1] Moreover, the basis for the award of proposal costs was DLA's decision to retain its interpretation of a requirement that restricted the competition to offerors who can access data from intervenor's proprietary software. *ARxIUM II*, 139 Fed. Cl. at 87. Were ARxIUM to have expended resources on a revised proposal despite the issuance of this patent disqualifier, it would have to challenge successfully the legality of the amendment in order to receive an award of revised proposal costs.

Accordingly, ARxIUM's post-injunction employee costs may not properly be considered awardable bid preparation and proposal costs. The government maintains that $2,446.71 of claimed costs fall in this category. Def.'s Br. at 10 & Ex. 4. After a line-by-line review of these entries, the Court concludes that twenty minutes of Ms. Ross's time were erroneously characterized by the government as falling into this category.[2] At her hourly rate of $60.92, *see* Pl.'s Br. Ex. 5, ECF No. 66-5 at 10, this totals $20.31. Thus, $2,426.40 in claimed costs are not awardable for this reason.

The government also objects to a small amount of costs ($92.63) associated with work performed by ARxIUM employees after the initial award of the contract to plaintiff. This work concerned such things as the award document and stop work orders. Def.'s Br. at 11; Ex. 4 to *id.*, ECF No. 65-1 at 131–32. The Court agrees that these costs concern contract administration and not the proposal, and thus cannot be included in an award of proposal costs. Similarly, a few entries of Ms. Ross's time were identified by the government as falling within the time period of the protest, *see* Def.'s Br. at 11; Ex. 4 to *id.*, ECF No. 65-1 at 132, and thus do not concern the creation of the proposal. Thus, these $25.38 in costs may not be included in the award.

Plaintiff requests an award of certain legal fees, which it characterizes as "legal advice and counsel provided during proposal preparation." Pl.'s Br. at 15.[3] In opposing this portion of the request, the government argues categorically that legal fees are only recoverable under the Equal Access to Justice Act, 28 U.S.C. § 2412, relying on two cases that pre-date the ADRA and concern solely bid protest litigation fees. Def.'s Br. at 8 (citing *Coflexip & Servs., Inc. v. United States*, 20 Cl. Ct. 412, 415–16 (1990); *AT & T Techs., Inc. v. United States*, 18 Cl. Ct. 315, 325 (1989)). The Court is not persuaded that, under otherwise proper circumstances, costs that an offeror demonstrates to have been incurred in the preparation of a proposal could not be awarded merely because the employee or agent happened to be an attorney. Nothing in 28 U.S.C. § 1491(b)(2) excludes such costs. But these circumstances are not presented here, as the legal work in question was performed after ARxIUM obtained its injunctive relief in this case. *See* Ross Decl. Ex. E, ECF No. 66-1 at 49, 54. Thus, as explained above, it was not performed during the time

---

[2] These twenty minutes were split between an entry described as "DLA answers to our questions-for discussion on our call," relating to clarification questions dated January 20, 2017, and another entry entitled "FW DLA Air Force Bid-Bid Team Meeting." *See* Def.'s Br. Ex. 4, ECF No. 65-1 at 132.

[3] Curiously, ARxIUM includes assistance in compiling its reckoning of proposal costs, *see* Pl.'s Br. at 5, 14, which would clearly be litigation expenses and not bid preparation and proposal costs.

period when ARxIUM's actual proposal was prepared, submitted, and supported. Plaintiff is not entitled to the $11,100.00 it claims for legal costs.

Finally, plaintiff includes among its requested bid preparation costs an amount representing the revenues ARxIUM allegedly would have generated had its employees utilized their time consulting for plaintiff's clients instead of working on the proposal. Pl.'s Br. at 15–16; Ex. 5 to *id.*, ECF No. 66-5 at 10. Plaintiff's theory is that economic and accounting literature recognize such "opportunity costs" as relevant to business decisions. But just because the word "costs" is involved does not make a concept a subset of bid preparation and proposal costs, any more than "reputational costs" or "emotional costs" would be. Even if a rational business would consider such opportunity costs in deciding whether to use its employees to draft a proposal, such foregone revenues are by no means "costs incurred" in the process, *see* 48 C.F.R. § 31.205-18(a)---less money coming in is not the same thing as liabilities assumed in the creation of a proposal.[4] And since ARxIUM is being reimbursed for the cost of the time these employees spent on the proposal, the opportunity to put them to work earning consulting fees is restored by the award. A separate payment representing opportunity costs would thus result in a double recovery. In any event, Congress has excluded lost, anticipated profits under the contract at issue from the monetary relief available in bid protests. *See* 28 U.S.C. § 1491(b)(2). The Court does not see how this would allow an award for the lost profits from other, unrelated contracts.[5] Plaintiff is not entitled to the $46,077.33 of claimed opportunity costs.

For the foregoing reasons, the Court has determined that plaintiff has proven and is entitled to bid preparation and proposal costs totaling $20,442.74. The Clerk of the Court shall enter judgment for plaintiff on its application for bid preparation and proposal costs in the amount of $20,442.74.[6]

---

[4] Moreover, as a factor in a choice between competing uses of resources, opportunity cost is "purely subjective." *See* JAMES M. BUCHANAN, COST AND CHOICE 41–42 (Liberty Fund, Inc. 1999) (1969).

[5] The Court notes that ARxIUM's inability to obtain lost profits was the basis for the finding of irreparable injury sufficient for injunctive relief. *See ARxIUM I*, 136 Fed. Cl. at 208 (citing *MORI Assocs., Inc. v. United States*, 102 Fed. Cl. 503, 552 (2011)). An award of a portion of lost profits owing to opportunity costs would be inconsistent with this prior ruling.

[6] Intervenor's motion to withdraw from the case, ECF No. 69, is **DENIED** as moot.

**IT IS SO ORDERED.**

s/ Victor J. Wolski

**VICTOR J. WOLSKI**
Senior Judge